UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELYESE ANDERSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:06CV919 HEA |
| | ) |
| MICHAEL WADDLE, et al., | ) |
| | ) |
| Defendants. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Waddle and Hall's Motion to Dismiss Plaintiffs' First Amended Complaint, [Doc. No. 36], and Defendants Ayers, and Martin, Cross, Jacobs-Kenner, White, Rohrbach, McGowan, Harrison, Abernathy, Hill and Engelhardt's (the DFS Defendants) Motion to Dismiss or in the Alternative, Motion for More Definite Statement, [Doc. No. 37]. Plaintiffs oppose the motions. For the reasons set forth below, the Motions are denied, except as to Count XI.

## Facts and Background

Plaintiffs' First Amended Complaint alleges violations of 42 U.S.C. § 1983, state law for abuse of process, false imprisonment, invasion of privacy, and civil conspiracy. The First Amended Complaint sets forth each defendant's position as it relates to the underlying cause of action. All defendants are sued in their individual

capacities, and to the extent that Plaintiffs seek injunctive or declaratory relief, the Defendants are sued in their official capacities as well.

The First Amended Complaint sets forth that in or before April, 2001 the Defendants individually, in concert with each other and in concert with other persons, began a systematic, persistent and continuous campaign of bad-faith harassment and intimidation against Plaintiff Heartland Academy Community Church, its students and their families, faculty and staff, (collectively referred to as the "Heartland community,") to disrupt, damage and possibly destroy the Heartland community, in violation of the constitutional rights of the Heartland community. The First Amended Complaint further details the events which Plaintiffs allege gave rise to their claims. References throughout the First Amended Complaint detailing the events are made to "the defendants" as well as specific actions taken by individual defendants. Plaintiffs set forth twenty four pages of facts to support their claims.

## Discussion

### Standard of Review

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46

(1957); *Gilmore v. County of Douglas, State of Neb.*, 406 F.3d 935, 937 (8th Cir. 2005). When considering a motion to dismiss, courts are required to accept the complaint's factual allegations as true and to construe them in the light most favorable to the plaintiff. *Krentz v. Robertson Fire Protection District,* 228 F.3d 897, 905 (8th Cir. 2000). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A complaint should not be dismissed "merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." *Krentz*, 228 F.3d at 905. Further, a complaint should not be dismissed unless "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Midwestern Machinery, Inc.*, at 441 (8th Cir. 1999) (citing *Springdale Education Association v. Springdale School. Dist.,* 133 F.3d 649, 651 (8th Cir. 1998)); *McCormack v. Citibank, N.A.,* 979 F.2d 643, 646 (8th Cir.1992) (quoting *Conley v. Gibson,* 355 U.S. at 45-46.

Defendants all move to dismiss on the grounds of *res judicata* and failure to state a claim. Certain defendants claim that the parents' claims for malicious prosecution are barred by the applicable statute of limitations.

### *Res Judicata* Doctrine

"'Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action.' *Landscape Properties, Inc. v. Whisenhunt,* 127 F.3d 678, 682 (8th Cir.1997) (quoting *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)) (internal quotation omitted)." *Daley v. Marriott Intern., Inc*. 415 F.3d 889, 895-96 (8th Cir. 2005). "Res judicata prevents the splitting of a single cause of action and the use of several theories of recovery as the basis for separate lawsuits." *Friez v. First Am. Bank & Trust,* 324 F.3d 580, 581 (8th Cir.2003) (citation omitted). "[R]es judicata, also known as claim preclusion, prevents the relitigation of claims or issues that were raised or could have been raised in an earlier action between the same parties." *Id.* The doctrine of *res judicata* operates to preclude a subsequent lawsuit when: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involved the same cause of action; and (4) both suits involved the same parties or their privies." *In re Anderberg-Lund Printing Co.,* 109 F.3d 1343, 1346 (8th Cir.1997) (quoting *Lovell v. Mixon,* 719 F.2d 1373, 1376 (8th Cir.1983)). Furthermore, the party defending against a claim of res judicata must have had a "full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect." *Id.*

***Res Judicata*-Defendant Ayers**

Defendant Ayers claims that Heartland Church and CNS Ministries are barred from bringing this action against her because of the previous injunction action brought by Heartland Church and CNS International Ministries, Inc.[1] against Defendant Waddle and Ayers, and others.[2] As Plaintiffs point out, neither Plaintiff Heartland Church nor CNS Ministries has a claim in this action against Defendant Ayers, therefore, the motion as to this basis is denied as moot.

***Res judicata*-DSF Defendants**

The DSF Defendants also argue that the claims against them are barred by the doctrine. Defendants claim that the Heartland Plaintiffs are improperly splitting their cause of action based on the same set of facts. Defendants' reliance on the doctrine is misplaced. The DFS Defendants were not parties to the previous Heartland litigation. There has been no showing that the DFS Defendants are in privity with the former defendants, Waddle and Ayers, in their official capacities. Clearly, Plaintiffs could not have sought damages against Waddle and Ayers in their official capacities because of Eleventh Amendment sovereign immunity. The current defendants, who were not parties to the previous action and who are sued herein in their individual capacities, can not be held to be in privity with the former

---

[1] Several individual plaintiffs, none of whom are parties herein, were named in this action but were "removed" from inclusion in the Third Amended Complaint without prejudice.

[2] David Parish, Patricia McAfee, Lewis County, Missouri, and Missouri Department of Social Services were also parties to the previous suit, but are not named herein.

5

defendants who were only sued by the Heartland Plaintiffs in their official capacities. The commonality requirements of the same cause of action and the same parties are absent. See, *DeLlano v. Berglund*, 183 F.3d 780, 782 (8th Cir. 1999); *Headley v. Bacon*, 828 F.2d 1272, 1275 (8th Cir. 1987).

## *Res judicata*-Waddle

Defendant Waddle also urges dismissal of the individual plaintiffs' claims against him based on *res judicata*. As with Defendants Ayers and the DFS Defendants, Waddles reliance on this doctrine is misplaced. These individuals were not parties to the previous litigation. In the previous litigation, the Heartland Plaintiffs were granted associational standing to represent individual parents, students and staff. Thus, this Court must ascertain whether the Heartland Plaintiffs, in their representative capacity adequately represented the interests of the individual plaintiffs. The inquiry clearly establishes that they did not.

> Whether a party adequately represents a non-party such that the party can be considered the virtual representative of the other is a fact-intensive inquiry based on several factors. *Tyus,* 93 F.3d at 455. These include identity of interests between the parties, how closely they are related, whether the party to the present suit participated in or deliberately maneuvered to avoid the effects of the first action, and whether the party to the first action had incentive to protect the interests of the second party. *Id.* at 455-56. "[T]he party against whom res judicata is asserted must have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect." *Costner,* 153 F.3d at 673 (quoting *In re Anderberg-Lund Printing Co.,* 109 F.3d 1343, 1346 (8th Cir.1997)). The party is not, however, required to intervene voluntarily in a separate pending suit

6

merely because it is permissible to do so. *Chase Nat'l Bank v. City of Norwalk,* 291 U.S. 431, 441, 54 S.Ct. 475, 78 L.Ed. 894 (1934).

*Black Clawson Co., Inc. v. Kroenert Corp.* 245 F.3d 759, 764 (8th Cir. 2001).

Furthermore, under the theory of "associational standing" the representative may only seek injunctive relief, and may not pursue an action for damages, absent a specific assignment from the individual.

> The question of whether an unincorporated association such as [plaintiff] has standing to sue as the representative of its members was settled by the Supreme Court in Warth v. Seldin, 422 U.S. 490, 511, 95 S.Ct. 2197, 2211-12, 45 L.Ed.2d 343 (1975):
>
> "Even in the absence of injury to itself, an association may have standing solely as the representative of its members. . . . The association must allege that its members, or any one of them, are suffering immediate or threatened injury as a result of the challenged action of the sort that would make out a justiciable case had the members themselves brought suit." (citations omitted.)
>
> Absent the assignment of the damages claims of its members or the allegation of monetary injury to itself, an association may only seek injunctive or declaratory relief , however. Id. at 515-16, 95 S.Ct. 2197.

*International Woodworkers of America, AFL-CIO, CLC v. Georgia-Pacific Corp.,* 568 F.2d 64, 66 (8th Cir. 1977).

Thus, the Heartland Plaintiffs did not have standing to bring an action for damages based on their associational standing and the individual plaintiffs were not required to voluntarily join in the pending litigation.

Defendants Waddle and Hall also argue that the individual plaintiffs are attempting to "split" their cause of action, however, most of these plaintiffs were not

named in the previous litigation, and were not required to join that litigation. They are , therefore, not barred from bringing this action for damages. Of the three plaintiffs for whom the Heartland Plaintiffs sought the injunction, these plaintiffs were not afforded the opportunity to seek damages, as detailed above, therefore this action is not a "splitting" of their action, but rather a first cause of action based on the alleged damages caused by these defendants.

### Failure to State a Claim

The Defendants argue that the complaint fails to state a cause of action because the allegations contained therein are not sufficiently definite and fail to set forth specific factual allegations. This basis for dismissal is without merit.

Common law heightened pleading requirements, while once enforced in § 1983 suits, have been eliminated. The Supreme Court invalidated heightened pleading requirements in § 1983 suits in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993). However, the status of heightened pleading requirements for § 1983 claims against *individual defendants* remained an open question. *See Edgington v. Mo. Dep't of Corr.,* 52 F.3d 777, 779 n. 3 (8th Cir.1995). Following *Leatherman,* the Eighth Circuit continued to require heightened pleading in § 1983 suits against individual defendants, reasoning that particularity in pleadings facilitated the individual government officials' ability to mount a qualified immunity defense early in the litigation. *Id.* The Eighth Circuit

8

now recognizes *Edgington's* heightened pleading requirement in § 1983 suits against individual defendants has been abrogated. The only permissible heightened pleading requirements in civil suits are those contained in the Federal Rules of Civil Procedure or those in federal statutes enacted by Congress. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002).

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. The Eighth Circuit, however, has declined to extend such exceptions to other contexts. In *Leatherman,* the Court stated: "'[T]he Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated action any reference to complaints alleging municipal liability under § 1983. *Expressio unius est exclusio alterius*...' Thus, complaints in these cases, as in most others, must satisfy only the simple requirements of Rule 8(a). *Doe v. Cassel,* 403 F.3d 986, 988-989 (8th Cir. 2005).

Plaintiffs have alleged that the Defendants have violated their constitutional rights. They set forth the actions they believe were in violation. Even though the First Amended Complaint often refers to "the defendants" rather than specifically setting forth the names of each defendants repeatedly, the defendants herein can ascertain from the allegations in the First Amended Complaint what is being claimed

9

as a violation of Plaintiffs' rights. No further specificity is required, and the parties are entitled to refine the allegations through the discovery process. Failure to specifically set forth all the facts giving rise to the claims is not a basis upon which claims should be dismissed. See, Rule 8 of the Federal Rules of Civil Procedure. It appears to this Court that Plaintiffs have included much more detail than would be required under Rule 8 and any uncertainty Defendants may have as to specific facts can be resolved through the discovery process.[3]

Finally, Defendants Waddle and Hall seek to dismiss Plaintiffs' malicious prosecution claim based on the statute of limitations. Plaintiffs do not present any opposition to this portion of the motion. Accordingly, the Court will grant the motion as it relates to Count XI.

## Conclusion

Plaintiffs' Complaint sets forth a short and plain statement of the claims against Defendants as required by Rule 8 of the Federal Rules of Civil Procedure, and based on the allegations of the Complaint, the Court cannot, at this point, conclude that Plaintiffs can prove no set of facts in support of the claim which would entitle them to relief. *Conley,* 355 U.S. at 45-46; *Gilmore,* 406 F.3d at 937. Plaintiffs' claims are not barred by the doctrine of *res judicata* nor are they an

---

[3] Defendants also argue that there was no "search" in any of the events giving rise to this suit. The Court agrees and to the extent that the First Amended Complaint seeks damages for an unreasonable "search" those allegations are stricken.

10

inappropriate attempt to "split" claims and causes of action. Count XI, however, should be dismissed. The motions to dismiss are therefore denied, except as to Count XI.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss, [Doc. No.'s 36 and 37] are denied in part and granted with respect to Count XI.

**IT IS FURTHER ORDERED** that Count XI is dismissed.

Dated this 31st day of January, 2007.

                                            HENRY EDWARD AUTREY
                                    UNITED STATES DISTRICT JUDGE