UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELYSE ANDERSON, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:06CV00919 HEA |
| | ) |
| MICHAEL WADDLE, et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW
AT THE CLOSE OF PLAINTIFFS' CASE**

Defendants respectfully move, pursuant to Fed.R.Civ.P. 50(a), for judgment as a matter of law for the reason that a reasonable jury would not have a legally sufficient evidentiary basis to find for plaintiffs on any of their claims. In support of their motion, defendants state as follows:

I. **Introduction**

Plaintiffs' remaining claims[1] are as follows: The three individual plaintiffs allege, pursuant to 42 U.S.C. § 1983, violation of family integrity and parental rights (Count I), unreasonable seizure (Count II), and violation of freedom of association rights (Count III). In addition, the individual plaintiffs bring state law claims alleging abuse of process (Count VII) and false imprisonment (Count VIII). The two corporate plaintiffs assert

---

[1] *See* Complaint (Doc. No. 134). This Court has ordered some of plaintiffs' claims dismissed. Order of October 10, 2008 (Doc. No. 178).

1

claims only against the "DFS Defendants."[2] Against these defendants, the corporations allege violation of their freedom of association rights pursuant to 42 U.S.C. § 1983 (Count V) and invasion of privacy under state law (Count IX).

The evidence has shown that defendants are entitled to judgment as a matter of law on all of plaintiffs' claims.

## II.   Argument

### A.   The DFS Defendants are entitled to judgment as a matter of law because their actions did not violate any plaintiff's rights.

Liability for damages for a federal constitutional tort is personal. *Cross v. Mokwa,* 547 F.3d 890, 897-98 (8th Cir. 2008); *Wilson v. Northcutt,* 441 F.3d 586, 591-92 (8th Cir. 2006). Defendants whose actions were not the "cause in fact" of any alleged constitutional violation are entitled to judgment as a matter of law. *See Clark v. Long,* 255 F.3d 555, 559 (8th Cir. 2001).

In ruling on defendants' motion for summary judgment, this Court determined that genuine issues of material fact exist with respect to the degree of each defendant's involvement in the temporary removal of students from Heartland Christian Academy ("HCA") on October 30, 2001.[3] Order of October 10, 2008 (Doc. No. 178) at 16-17. The evidence at trial, however, has established that no DFS Defendant had any

---

[2] Defendants Cross, Jacobs-Kenner, Harrison, White, Abernathy, Rohrbach, McGowan and Engelhardt.

[3] Similarly, on interlocutory appeal, the Eighth Circuit held that it lacked jurisdiction to decide this factually-intensive question. *Heartland Academy Community Church v. Waddle,* 595 F.3d 798, 806-07 (8th Cir. 2010).

involvement whatsoever. Participation in legally-mandated child abuse investigations does not violate any constitutional right. *See Thomason v. SCAN Volunteer Services, Inc.,* 85 F.3d 1365, 1371 (8th Cir. 1996); *Manzano v. Dep't of Social Servs.,* 60 F.3d 505, 510 (8th Cir. 1995). Accordingly, these defendants are entitled to judgment as a matter of law and the corporate plaintiffs' claims should be dismissed.

> **B.   All defendants are entitled to judgment as a matter of law on the individual plaintiffs' parental rights/family integrity claims because their actions were based on a reasonable suspicion of abuse.**

Although parents have a right to the custody, care, and management of their children, this right is limited by the state's compelling interest in child safety and welfare. *Manzano,* 60 F.3d at 509-10 (8th Cir.1995); *King v. Olmsted County,* 117 F.3d 1065, 1067 (8th Cir.1997); *Myers v. Morris,* 810 F.2d 1437, 1462 (8th Cir.1987). In ruling on defendants' motion for summary judgment, this Court found that genuine issues of material fact exist as to whether defendants' actions were reasonable under the circumstances. Order of October 10, 2008 (Doc. No. 178) at 16. The evidence at trial, however, has demonstrated that to the extent any defendant interfered with any plaintiffs' family integrity rights, his actions were based on a reasonable suspicion of child abuse. *See Abdouch v. Burger* 426 F.3d 982, 987 (8th Cir. 2005). Accordingly, defendants are entitled to judgment as a matter of law on Count I of plaintiffs' complaint.

### C. Defendants are entitled to judgment as a matter of law on the individual student plaintiffs' unreasonable seizure claims because any defendant that seized any student plaintiff did so lawfully and pursuant to a valid court order.

The DFS Defendants are entitled to judgment as a matter of law on Count II of plaintiffs' complaint for the simple reason that no DFS Defendant seized any student plaintiff. *See County of Sacramento v. Lewis,* 523 U.S. 833, 843-44 (1998) (lack of a seizure precluded liability under 42 U.S.C. § 1983 for alleged violation of Fourth Amendment). No DFS Defendant petitioned the juvenile courts for any order requiring the removal of HCA students, and none of these defendants removed or detained anyone. Indeed, the evidence has shown that no DFS Defendant was even present when students were removed from HCA on October 30, 2001. Evidence that some DFS Defendants may have agreed that protective custody was appropriate but did not themselves seek protective custody orders is insufficient to overcome a motion for judgment as a matter of law. *See Manzano,* 60 F.3d at 511 (official who did not herself seek order or physically remove child from father's custody did not violate the Constitution by recommending that child's mother seek temporary protective order).

Moreover, although juvenile officers did seize students on October 30, 2001, they are entitled to judgment as a matter of law on the individual plaintiffs' Fourth Amendment claims because the evidence is that they did so lawfully. The Fourth Amendment protects against only "unreasonable searches and seizures." U.S. Const. Amend. IV. *See also Brigham City, Utah v. Stuart,* 547 U.S. 398, 403 (2006); *U.S. v. Singer,* 687 F.2d 1135, 1144 (8th Cir. 1982). Temporary detention for purposes of

ensuring any plaintiffs' safety, rather than to investigate suspected criminal activity, does not constitute an unreasonable seizure. *See, generally, Cady v. Dombrowski,* 413 U.S. 433, 441 (1973); *U.S. v. Uscanga-Ramirez,* 475 F.3d 1024, 1028 (8th Cir. 2007). The evidence has shown that the juvenile officers seized students pursuant to valid court orders and based on reasonable suspicion of that all HCA students, including plaintiffs, were in danger of abuse. *See Myers,* 810 F.2d at 1463. Accordingly, defendants are entitled to judgment as a matter of law on Count II of plaintiffs' complaint.

> **D.  Defendants are entitled to judgment as a matter of law on plaintiffs' freedom of association claims because no defendant's actions violated this right.**

The First Amendment protects only the right to associate for the purpose of engaging in activities protected by the First Amendment – speech, assembly, the right to petition, and free exercise of religion. *Roberts v. United States Jaycees,* 468 U.S. 609, 618 (1984). The Constitution, does not recognize a "generalized right of 'social association.'" *See City of Dallas v. Stanglin,* 490 U.S. 19, 25 (1989). As the Eighth Circuit has explained, "the right of association is [of course] no more absolute than the right of free speech or any other right; consequently there may be countervailing principles that prevail over the right of association." *Walker v. City of Kansas City, Mo.,* 911 F.2d 80, 89 n.11 (8th Cir. 1990). One of those principles is that the State "has an urgent interest in the welfare of the child." *Santosky v. Framer,* 455 U.S. 745, 790 (1982) (Rhenquist, J., dissenting, *quoting Lassiter v. Dept. of Social Services,* 452 U.S. 18, 27

(1981)). *See also Thomason,* 85 F.3d at 1370; *Manzano,* 60 F.3d at 510. There is no right to freedom from child abuse investigations. *Thomason,* 85 F.3d at 1371.

Furthermore, the evidence has shown that the actions of Defendants Waddle and Ayers in seeking temporary protective custody orders did not substantially interfere with any plaintiff's right to freely associate. *See Lyng v. International Union, United Auto., Aerospace and Agr.,* 485 U.S. 360, 366, 367 & n.5 (1988). To the contrary, the evidence is that both student plaintiffs returned to HCA within three days and enrollment at HCA has steadily increased since 2001. Although plaintiff O'Neill's daughter did not return to HCA, the evidence is that no defendant prevented her from doing so. Accordingly, defendants are entitled to judgment as a matter of law on Counts III and V.

> **E.   Defendants are entitled to judgment as a matter of law on the individual student plaintiffs' state law abuse of process claims because the two defendants who obtained court orders did so properly.**

The evidence has shown that Defendants Waddle and Ayers, the only defendants who obtained court orders placing HCA students into temporary protective custody, did so lawfully and for a proper purpose – the protection of HCA students from abuse. *See Romeo v. Jones,* 86 S.W.3d 428, 433 (Mo.App. 2002) (abuse of process refers to only to unauthorized act performed for an illegal purpose). These defendants are therefore entitled to judgment as a matter of law on Count VII of plaintiffs' complaint.

> **F.    Defendants are entitled to judgment as a matter of law on the individual student plaintiffs' state law false imprisonment claims because any defendant that did restrain any student plaintiff did so lawfully.**

As noted above, the evidence has shown that no DFS Defendant imprisoned anyone, falsely or otherwise. Moreover, to the extent any defendant restrained any student plaintiff, this was done lawfully. This fact is fatal to plaintiffs' false imprisonment claims.

Under Missouri law, "the elements of false imprisonment require that the children be restrained without legal justification." *Hyatt v. Trans World Airlines, Inc.*, 943 S.W.2d 292, 299 (Mo.App. 1997). Thus, the false imprisonment claim of any student plaintiff of whom any defendant took custody pursuant to a court order fails as a matter of law. *Hyatt,* 943 S.W.2d at 299 (officers acting in accordance with a court document authorizing custody cannot not falsely imprison children). The undisputed evidence is that both student plaintiffs (and Plaintiff Doug O'Neill's daughter) were taken into custody pursuant to valid court orders. Defendants are therefore entitled to judgment as a matter of law on Count VIII of plaintiffs' complaint.

> **G.    The DFS Defendants are entitled to judgment as a matter of law on the corporations' state law invasion of privacy claim because Missouri corporations enjoy no right to privacy.**

Although Missouri recognizes a corporation's limited right to protection against appropriation of its name or identity, it is well-settled that corporations, unlike individuals, "are not protected by a right of privacy." *Bear Foot, Inc. v. Chandler,* 965

S.W.2d 386, 389 (Mo.App. 1998). Defendants are thus entitled to judgment as a matter of law on Count IX of plaintiffs' complaint.

### H. The evidence has shown that all defendants are entitled to qualified immunity.

On appeal, the Eighth Circuit pointed out that:

> Missouri permits a juvenile officer to seize a child upon "reasonable cause to believe [the child] is without proper care, custody, or support and that temporary protective custody is necessary to prevent personal harm to the [child]." Mo. Sup.Ct. R. 111.01(a)(4). Missouri purportedly has a "sibling rule," which recognizes that abuse of one sibling is prima facie evidence of abuse of other siblings who reside in the same household. *See, e.g., D.G.N. v. S.M.,* 691 S.W.2d 909, 911-12 (Mo.1985) (en banc); *cf. Myers v. Morris,* 810 F.2d 1437, 1463 (8th Cir.1987) ("If law enforcement personnel who have at least arguable probable cause to believe that adults have been molesting children are not entitled to reasonable belief that the adults may pose a danger to their own children, then the law was (and is) not clearly established on this point."), *abrogated on other grounds by Burns v. Reed,* 500 U.S. 478, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). The Officials note 42 U.S.C. § 5106a(b)(2)(A)(iii) required Missouri to "protect the safety of the abused or neglected child and of any other child under the same care who may also be in danger of abuse or neglect and ensuring their placement in a safe environment."

*Heartland Academy Community Church v. Waddle,* 595 F.3d 798, 810-11 (8th Cir. 2010). Although the court ultimately concluded that it lacked jurisdiction to consider defendants' version of the facts in an interlocutory appeal, the evidence at trial has shown that defendants' actions were lawful and they had no reason to believe otherwise. *See Farid v. Smith,* 850 F.2d 917, 923 (2nd Cir. 1988). Accordingly, defendants are entitled to judgment as a matter of law.

8

## III. CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court enter its Order granting them judgment as a matter of law.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

*/s/ Christopher J. Quinn*
Christopher J. Quinn # 63236
Assistant Attorney General
P.O. Box 861
St. Louis, Missouri 63188
(314)340-7861
Fax: (314)340-7029
christopher.quinn@ago.mo.gov

*/s/ Diane Peters*
Diane Peters # 54784
Assistant Attorney General
615 E. 13th Street, Suite 401
Kansas City, MO 64106
(816)889-5063
Fax: (816)889-5006
diane.peters@ago.mo.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2010, the foregoing was hand-delivered to counsel for plaintiffs.

*/s/ Christopher J. Quinn*
Assistant Attorney General

9